977 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon SILVA-ROCHA, Defendant-Appellant.
 No. 92-10070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 21, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Silva-Rocha[1] was arrested with 703 pounds of marijuana in the back of the truck he was driving. The district court denied his motion to suppress the marijuana; after a bench trial, he was convicted of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. § 963; importation of marijuana, 21 U.S.C. § 952(a); and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1).
 
 
 3
 On appeal, Silva-Rocha challenges only whether the officer who attempted to pull him over had reasonable suspicion to conduct an investigatory stop. But Silva-Rocha did not yield when the officer flashed his overhead emergency lights. See RT 1/9/92 at 13, 42. Rather, he slowed down, pulled off to the side and then sped away before stopping. A high-speed chase, involving several police cars and a helicopter, ensued. See id. at 42. When Silva-Rocha's car broke down, he abandoned it and fled on foot. See id. at 42-44. For constitutional purposes, no seizure occurs until a person submits to a show of authority or is actually captured. California v. Hodari D., 111 S.Ct. 1547, 1552 (1991). As we recently held in United States v. Santamaria-Hernandez, 968 F.2d 980 (9th Cir.1992), a person who speeds away from a police car is not seized "until he or she is physically apprehended." Id. at 983. Contrary to appellant's argument, there also isn't "any reason to conclude that the reasoning of Hodari D. would not apply to automobile chases as well as foot chases." Id. Reasonable suspicion was therefore unnecessary for the attempted stop, as no seizure occurred.
 
 
 4
 Silva-Rocha does not contest whether the arrest and search that occurred after he was ultimately apprehended was justified, nor could he. "The determination whether agents have founded suspicion to justify a stop may take into account all of the events that occur up to the time of physical apprehension of a suspect who flees." Id. His flight from the officers, combined with the abandonment of his vehicle and ensuing footrace, justified the officer's actions.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Silva-Rocha is the name which appears on both parties' briefs; however, the district court record, including the defendant's own recitation of his name in court, indicate that his name is Ramon Rocha-Silva. Because we are unsure which is correct, we adhere to our practice of following the name listed on the docket sheet